UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VIRGIL HAMMOND, | No. 2:17-cv-0126-EFB P |
| Plaintiff, | |
| v. | ORDER |
| GLENN COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a Glenn County inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). He has not, however, submitted a certified trust account statement.

Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."

Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent. He has, however, submitted inmate request forms with handwritten entries from jail staff showing that jail officials have denied his requests for a copy of his trust

1

account statement for the last six months and to provide a signature verifying the accuracy of such statement. Jail officials have replied to plaintiff's requests with statements such as "What account? We do not print out papers," and "Denied. We are not responsible for obtaining your financial documents." ECF No. 7 at 6-7; *see also* ECF No. 5 at 5.

Generally, the court cannot issue an order against individuals who are not parties or are not acting in concert with parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The All Writs Act, however, gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). Here, the denial of access to plaintiff's trust account statement is frustrating this court's ability to rule on plaintiff's in forma pauperis application.

Plaintiff, who declares that he is indigent (ECF No. 5), will be unable to proceed with this action if Glenn County Jail officials do not provide him with the trust account statement (or institutional equivalent) required by 28 U.S.C. § 1915. Accordingly, pursuant to the All Writs Act, the Glenn County Sheriff is ordered to file a status report addressing plaintiff's ability to obtain the certified trust account statement required by 28 U.S.C. § 1915(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Glenn County Sheriff shall file a status report addressing plaintiff's ability to obtain the certified trust account statement required by 28 U.S.C. § 1915(a)(2).

2. The Clerk of the Court is directed to serve a copy of this order, plaintiff's application to proceed in forma pauperis (ECF No. 5), and the referenced inmate request forms (ECF No. 7 at 6-7), on the Glenn County Sheriff, 543 West Oak Street, Willows, California, 95988.

/////

/////

3. The Clerk of the Court is directed to serve a copy of this order, plaintiff's application to proceed in forma pauperis (ECF No. 5), and the referenced inmate request forms (ECF No. 7 at 6-7), on the Glenn County Counsel, 525 Sycamore Street, Willows, California, 95988.

DATED: January 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE